UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DISVISION

| | | |
|---|---|---|
| JOESPH J. PLATT, | : | Case No. 1:13-CV-00435 |
| | : | |
| and | : | Judge _____ |
| | : | |
| PLATT FOR JUDGE CAMPAIGN COMMITTEE, | : | Magistrate Judge _____ |
| | : | |
| and | : | |
| | : | |
| MARK W. MILLER, | : | |
| | : | |
| Plaintiffs, | : | VERIFIED COMPLAINT FOR |
| | : | TEMPORARY RESTRAINING |
| v. | : | ORDER, PRELIMINARY AND |
| | : | PERMANENT INJUNCTIONS |
| BOARD OF COMMISSIONERS ON | : | AND  DECLARATORY JUDGMENT |
| GRIEVANCES AND DISCIPLINE OF THE | : | |
| OHIO SUPREME COURT, | : | |
| | : | |
| and | : | |
| | : | |
| OHIO SUPREME COURT, | : | |
| | : | |
| and | : | |
| | : | |
| MAUREEN O'CONNOR, | : | |
| Chief Justice, Ohio Supreme Court, | : | |
| | : | |
| and | : | |
| | : | |
| PAUL E. PFEIFER, | : | |
| Associate Justice, Ohio Supreme Court, | : | |
| | : | |
| and | : | |
| | : | |
| TERRENCE O'DONNELL, | : | |
| Associate Justice, Ohio Supreme Court, | : | |
| | : | |
| and | | |

*[ continued on next page ]*

**JUDITH ANN LANZINGER,**                                  :
**Associate Justice, Ohio Supreme Court,**                 :
                                                           :
**and**                                                    :
                                                           :
**SHARON L. KENNEDY,**                                     :
**Associate Justice, Ohio Supreme Court,**                 :
                                                           :
**and**                                                    :
                                                           :
**JUDITH L. FRENCH,**                                      :
**Associate Justice, Ohio Supreme Court,**                 :
                                                           :
**and**                                                    :
                                                           :
**WILLIAM M. O'NEILL,**                                    :
**Associate Justice, Ohio Supreme Court,**                 :
                                                           :
**and**                                                    :
                                                           :
**DAVID E. TSCHANTZ, Chairman, Board of Commissioners on** :
**Grievances and Discipline of the Ohio Supreme Court,**   :
                                                           :
**and**                                                    :
                                                           :
**PAUL M. DEMARCO, Vice-Chairman, Board of Commissioners** :
**on Grievances and Discipline of the Ohio Supreme Court,** :
                                                           :
**and**                                                    :
                                                           :
**ALVIN R. BELL, Member, Board of Commissioners on**       :
**Grievances and Discipline of the Ohio Supreme Court,**   :
                                                           :
**and**                                                    :
                                                           :
**MARTHA BUTLER CLARK, Member, Board of Commissioners**    :
**on Grievances and Discipline of the Ohio Supreme Court,** :
                                                           :
**and**                                                    :
                                                           :
**MCKENZIE K. DAVIS, Member, Board of Commissioners**      :
**on Grievances and Discipline of the Ohio Supreme Court,** :
                                                           :
**and**                                                    :

*[ continued on next page ]*

2

**DAVID L. DINGWELL, Member, Board of Commissioners**
**on Grievances and Discipline of the Ohio Supreme Court,**

and

**LAWRENCE R. ELLEMAN, Member, Board of Commissioners**
**on Grievances and Discipline of the Ohio Supreme Court,**

and

**ROBERT B. FITZGERALD, Member, Board of Commissioners**
**on Grievances and Discipline of the Ohio Supreme Court,**

and

**ROGER S. GATES, Member, Board of Commissioners**
**on Grievances and Discipline of the Ohio Supreme Court,**

and

**ROBERT L. GRESHAM, Member, Board of Commissioners**
**on Grievances and Discipline of the Ohio Supreme Court,**

and

**SHARON L. HARWOOD, Member, Board of Commissioners**
**on Grievances and Discipline of the Ohio Supreme Court,**

and

**LEE H. HILDEBRANDT, Judge, Ohio First District Court of**
**Appeals; Member, Board of Commissioners on Grievances and**
**Discipline of the Ohio Supreme Court,**

and

**LYNN B. JACOBS, Member, Board of Commissioners**
**on Grievances and Discipline of the Ohio Supreme Court,**

and

*[ continued on next page ]*

3

**MATTHEW W. McFARLAND, Judge, Ohio Fourth District Court of Appeals; Member, Board of Commissioners on Grievances and Discipline of the Ohio Supreme Court,**

    **and**

**WILLIAM J. NOVAK, Member, Board of Commissioners on Grievances and Discipline of the Ohio Supreme Court,**

    **and**

**JANICA A. PIERCE TUCKER, Member, Board of Commissioners on Grievances and Discipline of the Ohio Supreme Court,**

    **and**

**C. ASHLEY PIKE, Judge, Columbiana County Common Pleas Court; Member, Board of Commissioners on Grievances and Discipline of the Ohio Supreme Court,**

    **and**

**JOHN A. POLITO, Member, Board of Commissioners on Grievances and Discipline of the Ohio Supreme Court,**

    **and**

**ROBERT P. RINGLAND, Judge, Ohio Twelfth District Court of Appeals; Member, Board of Commissioners on Grievances and Discipline of the Ohio Supreme Court,**

    **and**

**STEPHEN C. RODEHEFFER, Member, Board of Commissioners on Grievances and Discipline of the Ohio Supreme Court,**

    **and**

**TERESA SHERALD, Member, Board of Commissioners on Grievances and Discipline of the Ohio Supreme Court,**

    **and**

*[ continued on next page ]*

**PATRICK L. SINK, Member, Board of Commissioners**     :
**on Grievances and Discipline of the Ohio Supreme Court,**     :
    :
**and**     :
    :
**KEITH A. SOMMER, Member, Board of Commissioners**     :
**on Grievances and Discipline of the Ohio Supreme Court,**     :
    :
**and**     :
    :
**LAWRENCE A. SUTTER III, Member, Board of Commissioners**     :
**on Grievances and Discipline of the Ohio Supreme Court,**     :
    :
**and**     :
    :
**SANFORD E. WATSON, Member, Board of Commissioners**     :
**on Grievances and Discipline of the Ohio Supreme Court,**     :
    :
**and**     :
    :
**BETH WHITMORE, Judge, Ohio Ninth District Court of**     :
**Appeals; Member, Board of Commissioners on Grievances and**     :
**Discipline of the Ohio Supreme Court,**     :
    :
**and**     :
    :
**JOHN R. WILLAMOWSKI, Judge, Ohio Third District Court of**     :
**Appeals; Member, Board of Commissioners on Grievances and**     :
**Discipline of the Ohio Supreme Court,**     :
    :
**and**     :
    :
**JOHN WISE, Judge, Ohio Fifth District Court of Appeals;**     :
**Member, Board of Commissioners on Grievances and Discipline**     :
**of the Ohio Supreme Court,**     :
    :
**and**     :
    :
**JONATHAN COUGHLAN, Disciplinary Counsel, Board of**     :
**Commissioners on Grievances and Discipline of the Ohio**     :
**Supreme Court,**     :
    :
**and**     :

*[ continued on next page ]*

**RICHARD A. DOVE, Secretary to the Board of Commissioners**        :
**on Grievances and Discipline of the Ohio Supreme Court,**          :
                                                                     :
**and**                                                              :
                                                                     :
**STEPHEN W. POWELL, Judge, Ohio Twelfth District Court of**         :
**Appeals; Chief Justice of the Ohio Courts of Appeals,**            :
                                                                     :
      **Defendants.**                   :

Now come Plaintiffs JOESPH J. PLATT; PLATT FOR JUDGE COMMITTEE; and MARK W. MILLER, and for their Complaint against the Defendants named here allege as follows:

## NATURE OF ACTION

1.     This is an action to vindicate core First Amendment rights of free speech and freedom of association, all of which are being infringed by overly broad and burdensome provisions of the Ohio Code of Judicial Conduct that regulate the exercise of fundamental constitutional rights by *judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio, as well as the campaign committees and potential supporters of such judicial candidates or potential candidates*.

2.     This is an action seeking declaratory judgment and injunctive relief arising under the First and Fourteenth Amendments to the United States Constitution.  This action concerns the constitutionality of the following provisions of the Ohio Code of Judicial Conduct *to the extent such Rules are or may be applied to judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio or the campaign committees of such judicial candidates*:

    a.     Rule 4.4(A) of the Ohio Code of Judicial Conduct, which generally prohibits, *inter alia*, judicial candidates (including judicial candidates who are not at the time sitting as a member of the judiciary in the State of Ohio) from "personally solicit[ing]

campaign contributions" with the exception, *inter alia*, of allowing such judicial candidates to "make a general request for campaign contributions when speaking to an audience of twenty or more individuals";

b. Rule 4.4(E) of the Ohio Code of Judicial Conduct, which generally prohibits, *inter alia*, the campaign committee of a judicial candidate (including judicial candidates who are not at the time sitting as a member of the judiciary in the State of Ohio) from soliciting or receiving campaign contributions "no earlier than one hundred twenty days before the first Tuesday after the first Monday in May of the year in which the general election [for the judicial office being sought] is held";

c. Rule 4.4(F) of the Ohio Code of Judicial Conduct, which generally prohibits, *inter alia*, the campaign committee of an unsuccessful judicial candidate (including judicial candidates who are not at the time sitting as a member of the judiciary in the State of Ohio) from soliciting or receiving campaign contributions at any time 120 days after the date of the election at which the judicial candidate was defeated;

d. Rule 4.4(G) of the Ohio Code of Judicial Conduct, which generally prohibits, *inter alia*, the campaign committee of an judicial candidate who either died or withdrew from seeking election (including judicial candidates who are not at the time sitting as a member of the judiciary in the State of Ohio) from soliciting or receiving campaign contributions at any time 120 days after the date of when the judicial candidate either died or withdrew;

e. Rule 4.1(A)(2) of the Ohio Code of Judicial Conduct, which generally prohibits, *inter alia*, judicial candidates (including judicial candidates who are not at the time sitting as a member of the judiciary in the State of Ohio), from "[m]ak[ing] speeches on behalf of . . . another candidate for public office"; and

f. Rule 4.1(A)(3) of the Ohio Code of Judicial Conduct, which generally prohibits, *inter alia*, judicial candidates (including judicial candidates who are not at the time sitting as a member of the judiciary in the State of Ohio), from "[publicly endors[ing] or oppos[ing] a candidate for another public office."

3. Attached hereto as Exhibit A are the provisions of Canon 4 of the Ohio Code of Judicial Conduct as published by the Ohio Supreme Court on its website.

### *Jurisdiction and Venue*

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as this action arises under the First and Fourteenth Amendments to the United States Constitution; under 28 U.S.C. § 1343(a)(3), in that it is brought to redress deprivations, under

color of state law, of rights, privileges and immunities secured by the United States Constitution; under 28 U.S.C. § 1343(a)(4), in that it seeks to secure equitable relief under an Act of Congress, specifically, 42 U.S.C. § 1983, which provides a cause of action for the protection of civil and constitutional rights; under 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57 to secure declaratory relief; under 28 U.S.C. § 2202 and Fed R. Civ. 65 to secure preliminary and permanent injunctive relief; and under 42 U.S.C. § 1988, to award attorney fees and costs.

5.     Venue is proper within this judicial district and division pursuant to 28 U.S.C. § 1391(b) and Local Rule 82.1, as all of the claims asserted by Plaintiffs arose within this judicial district and division.

### *Parties and Relationship to Grievance Process Concerning Judicial Campaigns*

6.     Plaintiff JOESPH J. PLATT is a citizen and taxpayer of the State of Ohio.

7.     Plaintiff PLATT FOR JUDGE CAMPAIGN COMMITTEE is a campaign committee registered with the Hamilton County Board of Elections to receive contributions and to make expenditures on behalf of Mr. Platt in his effort to campaign for election as a judge in Hamilton County, Ohio.

8.     Plaintiff MARK W. MILLER is a citizen and taxpayer of the State of Ohio, as well as serving as the treasurer of the Platt for Judge Campaign Committee.

9.     All of the Defendants herein have various roles and responsibilities relating to the adoption and enforcement of the Ohio Code of Judicial Conduct.

10.     Defendant BOARD OF COMMISSIONERS ON GRIEVANCES AND DISCIPLINE OF THE OHIO SUPREME COURT is a twenty-eight member board created by Rule V of the Supreme Court Rules for the Government of the Bar of Ohio.

11.     The following Defendants are members of the Board of Commissioners on Grievances and Discipline of the Ohio Supreme Court and are sued in their official capacities:

| | |
|---|---|
| DAVID E. TSCHANTZ, | WILLIAM J. NOVAK, |
| PAUL M. DEMARCO, | JANICA A. PIERCE TUCKER, |
| ALVIN R. BELL, | JUDGE C. ASHLEY PIKE, |
| MARTHA BUTLER CLARK, | JOHN A. POLITO, |
| CHARLES E. COULSON, | JUDGE ROBERT P. RINGLAND, |
| MCKENZIE K. DAVIS, | STEPHEN C. RODEHEFFER, |
| DAVID L. DINGWELL, | TERESA SHERALD, |
| LAWRENCE R. ELLEMAN, | PATRICK L. SINK, |
| ROBERT B. FITZGERALD, | KEITH A. SOMMER, |
| ROGER S. GATES, | LAWRENCE A. SUTTER III, |
| ROBERT L. GRESHAM, | SANFORD E. WATSON, |
| SHARON L. HARWOOD, | JUDGE BETH WHITMORE, |
| JUDGE LEE H. HILDEBRANDT, | JUDGE JOHN R. WILLAMOWSKI, |
| LYNN B. JACOBS, | JUDGE JOHN WISE, |
| JUDGE MATTHEW W. McFARLAND | |

12.     Defendant OHIO SUPREME COURT is the highest court in the State of Ohio established pursuant to Article IV of the Ohio Constitution and consists of seven members.

13.     The following Defendants are the members of the Ohio Supreme Court and are sued in their official capacities:

| | |
|---|---|
| MAUREEN O'CONNOR, | SHARON L. KENNEDY, |
| Chief Justice, Ohio Supreme Court, | Associate Justice, Ohio Supreme Court, |
| | |
| PAUL E. PFEIFER, | JUDITH L. FRENCH, |
| Associate Justice, Ohio Supreme Court, | Associate Justice, Ohio Supreme Court, |
| | |
| TERRENCE O'DONNELL, | WILLIAM M. O'NEILL, |
| Associate Justice, Ohio Supreme Court, | Associate Justice, Ohio Supreme Court, |
| | |
| JUDITH ANN LANZINGER, | |
| Associate Justice, Ohio Supreme Court, | |

14.     Pursuant to its plenary authority over the judiciary in the State of Ohio, the Code of Judicial Conduct was adopted by the Supreme Court of Ohio and any amendments necessary to

ensure the Code complies with the mandates and requirements of the United States Constitution would need to be adopted by the Ohio Supreme Court.

15.   Pursuant to Rule II, Section 1 of Ohio Supreme Court Rules of the Government of the Judiciary of Ohio, the Board of Commissioners on Grievances and Discipline of the Ohio Supreme Court "shall receive evidence, preserve the record, make findings, and submit recommendations to the Supreme Court . . . [c]oncerning complaints of misconduct that are alleged to have been committed by a justice, judge, or candidate for judicial office."

16.   Defendant JONATHON COUGHLAN is the Disciplinary Counsel for Board of Commissioners on Grievances and Discipline of the Ohio Supreme Court.

17.   Pursuant to Rule II, Section 2 of Ohio Supreme Court Rules of the Government of the Judiciary of Ohio, "a grievance alleging misconduct of a judge or candidate for judicial office . . . shall be filed with Disciplinary Counsel or with a Grievance Committee certified pursuant to" Rule V of the Ohio Supreme Court Rules of the Government of the Bar.

18.   Pursuant to Rule II, Section 2 of Ohio Supreme Court Rules of the Government of the Judiciary of Ohio, "Disciplinary Counsel and Certified Grievance Committees shall have authority to investigate grievances, file formal complaints with the Board, and prosecute formal complaints filed with the Board."

19.   Pursuant to Rule II, Section 2 of Ohio Supreme Court Rules of the Government of the Judiciary of Ohio, "[a] grievance or complaint involving alleged misconduct by a justice, judge, or judicial candidate; [and] all proceedings for the discipline of a justice, judge, or judicial candidate . . . shall be brought, conducted, and disposed of in accordance with the provisions of this rule and" Rule V of the Ohio Supreme Court Rules of the Government of the Bar.

20.    Defendant RICHARD A. DOVE is the Secretary to the Board of Commissioners on Grievances and Discipline of the Ohio Supreme Court.

21.    Pursuant to Rule II, Section 5(A)(1) of Ohio Supreme Court Rules of the Government of the Judiciary of Ohio, "a grievance that alleges a violation by a judicial candidate of Canon 4 of the Code of Judicial Conduct during the course of a campaign for judicial office shall be brought, conducted, and disposed of in accordance with this rule and [Rule V of the Ohio Supreme Court Rules of the Government of the Bar, as modified by this section."

22.    Pursuant to Rule II, Section 5(A)(1) of Ohio Supreme Court Rules of the Government of the Judiciary of Ohio, "[a] grievance that alleges a violation by a judicial candidate of Canon 4 of the Code of Judicial Conduct during the course of a campaign for judicial office shall be filed with the secretary of the Board of Commissioners on Grievances and Discipline.  Within two days of receiving the grievance, the secretary shall conduct a preliminary review. If the secretary is unable to conduct the preliminary review because of a conflict of interest, he or she immediately shall forward the grievance to the chair of the Board who shall conduct the preliminary review. If the chair has a conflict of interest or is unavailable, the secretary immediately shall forward the grievance to the vice-chair of the Board who shall conduct the preliminary review."

23.    Pursuant to Rule II, Section 5(B) of Ohio Supreme Court Rules of the Government of the Judiciary of Ohio, "[i]f, after reviewing the grievance, the secretary, chair, or vice-chair determines that the grievance is facially valid, that the Board has jurisdiction over the matters raised in the grievance, and that the grievance should be considered on an expedited basis, the secretary immediately shall appoint three members of the Board to determine whether there is probable cause that a violation of Canon 4 has occurred. . . . If the probable cause panel finds

probable cause that a violation of Canon 4 has occurred, the panel shall notify the secretary who shall prepare a formal complaint based on instructions from the probable cause panel."

24.    Pursuant to Rule II, Section 5(A)(3)(a) of Ohio Supreme Court Rules of the Government of the Judiciary of Ohio, if "[t]he probable cause panel fails to find probable cause that a violation of Canon 4 has occurred," then "[t]he secretary, chair, or vice-chair may refer a grievance to the Disciplinary Counsel."

25.    Pursuant to Rule II, Section 5(A)(3)(b) of Ohio Supreme Court Rules of the Government of the Judiciary of Ohio, "[t]he secretary, chair, or vice-chair may refer a grievance to the Disciplinary Counsel" if "[the] Secretary, chair, or vice-chair determines that it is unnecessary to handle the grievance on an expedited basis."

26.    Pursuant to Rule II, Section 6 of Ohio Supreme Court Rules of the Government of the Judiciary of Ohio, "[a] grievance that alleges a violation by a judicial candidate for the Supreme Court of Canon 4 of the Code of Judicial Conduct during the course of a campaign for judicial office shall be brought, conducted, and disposed of in accordance with this section."

27.    Defendant STEPHEN W. POWELL is a judge on Ohio's Twelfth District Court of Appeals and, for the year 2013, is the Chief Justice of the Courts of Appeals for the State of Ohio pursuant to Section 2501.03 of the Ohio Revised Code.  Judge Powell is sued in his official capacity as the Chief Justice of the Courts of Appeals for the State of Ohio.

28.    Pursuant to Rule II, Section 6(A)(1) of Ohio Supreme Court Rules of the Government of the Judiciary of Ohio, a grievance that alleges a violation of Canon 4 of the Code of Judicial Conduct by a judicial candidate for the Ohio Supreme Court during the course of a campaign for judicial office "shall be filed with the Secretary of the Board of Commissioners on Grievances and Discipline. The Secretary shall promptly forward the grievance and any

supporting documentation to the Chief Justice of the Courts of Appeals, elected pursuant to section 2501.03 of the Revised Code. Within two days of receiving the grievance, the Chief Justice of the Courts of Appeals shall review the grievance to determine whether the grievance alleges a violation of Canon 4 by a judicial candidate for the Supreme Court and whether the grievance should be considered on an expedited basis. If the Chief Justice of the Courts of Appeals determines that no Canon 4 violation is alleged or that the grievance should not be considered on an expedited basis, he or she may dismiss the grievance and notify the grievant of such determination or proceed with a review of the grievance pursuant to Section 4 of this rule."

29. Pursuant to Rule II, Section 6(A)(2) of Ohio Supreme Court Rules of the Government of the Judiciary of Ohio, "[i]f the Chief Justice of the Courts of Appeals determines that the grievance alleges a violation of Canon 4 by a judicial candidate for the Supreme Court and that the grievance should be considered on an expedited basis, the Chief Justice of the Courts of Appeals shall immediately refer the grievance to a three-member review panel selected, by lot, from among the judges designated pursuant to Section 4(A)(3) of this rule."

30. Pursuant to Rule II, Section 6(A)(3) of Ohio Supreme Court Rules of the Government of the Judiciary of Ohio, "[t]he review panel shall notify the Chief Justice of the Courts of Appeals of its probable cause determination and, if applicable, instructions regarding the preparation of a formal complaint. If the review panel finds no probable cause, the Chief Justice of the Courts of Appeals shall dismiss the grievance and notify the grievant. If the review panel finds probable cause, the Chief Justice of the Courts of Appeals shall instruct the Secretary of the Board of Commissioners on Grievances and Discipline to prepare a formal complaint in accordance with the instructions of the probable cause panel and in the name of the grievant as relator. Upon preparation of the formal complaint, the Secretary shall serve a copy of the formal

complaint on the relator and respondent and transmit a copy to the Chief Justice of the Courts of Appeal."

31.    Defendants, acting under color of law, have violated rights secured to the Plaintiffs by the First and Fourteenth Amendments to the United States Constitution including the right to free expression, the right of association, the right to due process of law, and the right to equal protection of the law.

32.    Plaintiffs, as well as all other *judicial candidates in the State of Ohio who are not presently sitting as members of the judiciary in the State of Ohio or the campaign committees of such judicial candidates* as well as their supporters, face immediate and irreparable injury to the direct restriction and impact of the provisions of the Ohio Code of Judicial Conduct at issue herein.

### *Rule 4.4(A) – Personal Solicitation Prohibition*

33.    Plaintiffs challenge the "personal solicitation prohibition" of Rule 4.4(A) of the Ohio Code of Judicial Conduct which generally prohibits a judicial candidate (including those candidates who are not at the time sitting as a member of the judiciary in the State of Ohio), from "personally solicit[ing] campaign contributions" with the exception of allowing a judicial candidate to "make a general request for campaign contributions when speaking to an audience of twenty or more individuals."

34.    The personal solicitation prohibition of Rule 4.4(A) of the Ohio Code of Judicial Conduct is not narrowly tailored to further a compelling government interest, and is overbroad, *to the extent the Rule is or may be applied to judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio or the campaign committees of such judicial candidates*.

35.    The personal solicitation prohibition of Rule 4.4(A) of the Ohio Code of Judicial Conduct, as applied to Joseph Platt (as well as to other judicial candidates who are not presently sitting as members of the judiciary in the State of Ohio), violates the First and Fourteenth Amendments to the United States Constitution, including the right to free expression, the right of association, the right to due process of law *to the extent such Rule is or may be applied to judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio or the campaign committees of such judicial candidates.*

36.    The personal solicitation prohibition of Rule 4.4(A) of the Ohio Code of Judicial Conduct, as applied to the Platt for Judge Committee (as well as the campaign committees of other judicial candidates who are not presently sitting as members of the judiciary in the State of Ohio) violates the constitutionally protected rights of freedom of speech and association of campaign committees to receive campaign contributions and then to disseminate information and ideas and to advocate on behalf of such judicial candidates *to the extent such Rule is or may be applied to judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio or the campaign committees of such judicial candidates.  See Buckley v. Valeo*, 424 U.S. 1, 14 (1976)("[campaign] contribution . . . limits operate in an *area* of the most fundamental First Amendment liberties"); *Buckley*, 424 U.S. at 21 ("contribution restrictions could have a severe impact on political dialogue if the limitations prevented *candidates* . . . from *amassing the resources* necessary for effective advocacy"); *Randall v. Sorrell*, 548 U.S. 230, 246 (2006)("*Buckley* recognized that contribution limits, like expenditure limits, 'implicate fundamental First Amendment interests,' namely, the freedoms of 'political expression' and 'political association'").

37.   The personal solicitation prohibition of Rule 4.4(A) of the Ohio Code of Judicial Conduct, as applied to Mark Miller (as well as others who are either potential contributors to or supporters of judicial candidates) violates the constitutionally protected rights of freedom of speech and association of such individuals to receive information and ideas from judicial candidates, including a direct and personal request from a judicial candidate for a campaign contribution, *to the extent such Rule is or may be applied to judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio or the campaign committees of such judicial candidates*.  *See Stanley v. Georgia*, 394 U.S. 557, 564 (1969)("[i]t is now well established that the Constitution protects the right to receive information and ideas").

### *Rules 4.4(E), 4.4(F) & 4.4(G) – Fundraising Limitation Periods*

38.   Plaintiffs also challenge the "fundraising limitation period" of Rule 4.4(E) of the Ohio Code of Judicial Conduct which generally prohibits the campaign committee of a judicial candidate (including candidates who are not at the time sitting as a member of the judiciary in the State of Ohio) from soliciting and receiving campaign contributions "no earlier than one hundred twenty days before the first Tuesday after the first Monday in May of the year in which the general election is held.  If the general election is held in 2012 or any fourth year thereafter, the campaign committee of a judicial candidate may begin soliciting and receiving contributions no earlier than one hundred twenty days before the first Tuesday after the first Monday in March of the year in which the general election is held."

39.   Plaintiffs also challenge the "fundraising limitation period" of Rule 4.4(F) of the Ohio Code of Judicial Conduct which generally prohibits, *inter alia*, the campaign committee of an unsuccessful judicial candidate (including judicial candidates who are not at the time sitting as

a member of the judiciary in the State of Ohio) from soliciting or receiving campaign contributions at any time 120 days after the date of the election at which the judicial candidate was defeated.

40.   Plaintiffs also challenge the "fundraising limitation period" of Rule 4.4(F) of the Ohio Code of Judicial Conduct, which generally prohibits, *inter alia*, the campaign committee of an judicial candidate who either died or withdrew from seeking election (including judicial candidates who are not at the time sitting as a member of the judiciary in the State of Ohio) from soliciting or receiving campaign contributions at any time 120 days after the date of when the judicial candidate either died or withdrew;

41.   The fundraising limitation periods of Rules 4.4(E), 4.4(F) and 4.4(G) of the Ohio Code of Judicial Conduct are not narrowly tailored to further a compelling government interest, and are overbroad, *to the extent the Rules are or may be applied to judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio or the campaign committees of such judicial candidates*.

42.   The fundraising limitation periods of Rules 4.4(E), 4.4(F) and 4.4(G) of the Ohio Code of Judicial Conduct, as applied to Joseph Platt (as well as to other judicial candidates who are not presently sitting as members of the judiciary in the State of Ohio), violate the First and Fourteenth Amendments to the United States Constitution, including the right to free expression, the right of association, the right to due process of law, and the right to equal protection of the law *to the extent such Rules are or may be applied to judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio or the campaign committees of such judicial candidates*.

43.   The fundraising limitation periods of Rules 4.4(E), 4.4(F) and 4.4(G) of the Ohio Code of Judicial Conduct, as applied to the Platt for Judge Committee (as well as the campaign committees of other judicial candidates who are not presently sitting as members of the judiciary in the State of Ohio) violates the constitutionally protected rights of freedom of speech and association of campaign committees to receive campaign contributions and then to disseminate information and ideas and to advocate on behalf of such judicial candidates *to the extent such Rules are or may be applied to judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio or the campaign committees of such judicial candidates.*

44.   The fundraising limitation periods of Rules 4.4(E), 4.4(F) and 4.4(G) of the Ohio Code of Judicial Conduct, as applied to Mark Miller (as well as others who are either potential contributors to or supporters of judicial candidates) violates the constitutionally protected rights of freedom of speech and association of such individuals to receive information and ideas from judicial candidates, including a direct and personal request from a judicial candidate for a campaign contribution, *to the extent such Rules are or may be applied to judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio or the campaign committees of such judicial candidates*.

### *Rule 4.1(A)(2) and 4.1(A)(3)  – Prohibition on Public Speeches and Endorsements*

45.   Plaintiff Joseph Platt also challenges the "public speech and endorsement prohibition" of Rule 4.1(A)(2) of the Ohio Code of Judicial Conduct, which generally prohibits, *inter alia*, judicial candidates (including judicial candidates who are not at the time sitting as a member of the judiciary in the State of Ohio), from "[m]ak[ing] speeches on behalf of . . . another candidate for public office."

46.    Plaintiff Joseph Platt also challenges Rule 4.1(A)(3) of the Ohio Code of Judicial Conduct, which generally prohibits, *inter alia*, judicial candidates (including judicial candidates who are not at the time sitting as a member of the judiciary in the State of Ohio), from "[publicly endors[ing] or oppos[ing] a candidate for another public office."

47.    The public speech and endorsement prohibition of Rule 4.1(A)(2) & 4.1(A)(3) of the Ohio Code of Judicial Conduct are not narrowly tailored to further a compelling government interest, and are overbroad, *to the extent the Rules are or may be applied to judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio or the campaign committees of such judicial candidates*.

48.    The public speech and endorsement prohibition of Rule 4.1(A)(2) & 4.1(A)(3) of the Ohio Code of Judicial Conduct as applied to Joseph Platt (as well as to other judicial candidates who are not presently sitting as members of the judiciary in the State of Ohio), violate the First and Fourteenth Amendments to the United States Constitution, including the right to free expression, the right of association, the right to due process of law, and the right to equal protection of the law *to the extent such Rule is or may be applied to judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio or the campaign committees of such judicial candidates.*

### *Factual Allegations*

49.    In the State of Ohio, the judges of the supreme court, courts of appeals, courts of common pleas and all courts of record (which include municipal courts) are selected through a process of judicial elections.  *See* Ohio Const., art. IV, sec. 6(B).

50.    Political conduct of judicial candidates, regardless of whether such candidate is currently sitting as a member of the judiciary of the State of Ohio or whether such a candidate

simply aspires to become a member of the judiciary of the State of Ohio, is governed by Rule 4 of the Ohio Code of Judicial Conduct.

51.     Pursuant to Rule 4.6(F) of the Ohio Code of Judicial Conduct, a "judicial candidate" means "a person who has made a public announcement of candidacy for judicial office, declared or filed as a candidate for judicial office with the election authority, or authorized the solicitation or receipt of contributions or support for judicial office, whichever occurred first."

52.     Plaintiff Joseph Platt is an attorney duly licensed in the State of Ohio, having been admitted to the bar in 1992.

53.     Mr. Platt is not presently sitting as a member of the judiciary in the State of Ohio.

54.     Mr. Platt desires to seek election to a judicial office, including seeking election to a judicial office in 2014 or, if not successful during that year, at some subsequent judicial election.

55.     Presently, Mr. Platt is seeking to be elected as a judge to the Hamilton County Common Pleas Court.

56.     In Ohio, elections for the common pleas courts, courts of appeals and the supreme court are held in even-numbered years.

57.     In the general division of the Hamilton County Common Pleas Court, there are a total of 16 judges.

58.     In 2015, the terms of the following judges of the general division of the Hamilton County Common Pleas Court will expire and, thus, the election for the judgeships held by these individuals will be held in November 2014: Kim Wilson Burke, Ethna Cooper, Charles Kubicki, Jr., Melba Marsh, Jerry Metz, Jr., Beth Myers, Norbert Nadel, Carl Stitch and Robert Winkler.

59.    As an initial effort to gage and demonstrate support for his election as a judge, Mr. Platt desires to commence immediately in fundraising in support of such effort, including the personal, one-on-one solicitation of campaign contributions in support of such effort.

60.    Thus, Mr. Platt has authorized the establishment and registration of the Platt for Judge Campaign Committee, with Plaintiff Mark Miller serving as its treasurer.

61.    Specifically, on or about June 20, 2013, Mr. Platt filed or authorized to be filed with the Hamilton County Board of Election a "Designation of Treasurer" form establishing and creating the Plaintiff Platt for Judge Campaign Committee.

62.    A true and accurate copy of the Designation of Treasurer establishing the Platt for Judge Campaign Committee is attached hereto as Exhibit B.

63.    The formation of such a campaign committee was necessary before campaign funds could be solicited, raised or expended in support of Mr. Platt's effort to be elected judge.

64.    Thus, having filed as a candidate for judicial election with an election authority, Mr. Platt is a "judicial candidate" as defined in Rule 4.6(F) of the Ohio Code of Judicial Conduct.

65.    As a "judicial candidate", Mr. Platt and the Platt for Judge Campaign Committee are subject to the restrictions and prohibitions in the Ohio Code of Judicial Conduct, including, the restrictions in: (i) Rule 4.4(A) of the Ohio Code of Judicial Conduct as it relates to the limitation on the personal, one-on-one solicitation of campaign funds by Mr. Platt; and (ii) Rule 4.4(F) of the Ohio Code of Judicial Conduct as it relates to the period during which campaign funds may be even be raised.

66.    At the present time, Mr. Platt and the Platt for Judge Campaign Committee desire to solicit for campaign contributions, as well as to receive such campaign contributions, in support of Mr. Platt's effort.

67.   However, due to the fundraising limitation period of Rules 4.4(E) of the Ohio Code of Judicial Conduct, neither Mr. Platt nor the Platt for Judge Campaign Committee can presently solicit or receive any campaign contributions.

68.   Instead, due to the fundraising limitation period of Rules 4.4(E) of the Ohio Code of Judicial Conduct, Mr. Platt and the Platt for Judge Campaign Committee must wait until 120 days before the primary election before they can even start soliciting or receiving campaign contributions.

69.   In Ohio, the filing deadline for a declaration of candidacy and petition with the appropriate election official is ninety-days before the primary election.  *See* Ohio Rev. Code § 3513.05.

70.   Thus, Mr. Platt and the Platt for Judge Campaign Committee will only have a 30-day window in which to raise any funds before having to make the determination of whether to actually seek election in the forthcoming election.

71.   Furthermore, even though Mr. Platt and the Platt for Judge Campaign Committee presently desire to communicate and build support for any campaign effort in support of Mr. Platt but are prohibited from even soliciting and receiving campaign contributions (and, thus, lack any campaign funds to spend), Mr. Platt and the Platt for Judge Campaign Committee are stifled and prevented from engaging in meaningful communications.

72.   Pursuant to Rule 4.4(H)(1) of the Ohio Code of Judicial Conduct, Mr. Platt is permitted to loan his campaign committee funds, but such a loan cannot occur until ninety days prior to the period in which fundraising can even commence pursuant to Rule 4.4(E) of the Ohio Code of Judicial Conduct.

73.    However, besides the 30-day window in which fundraising can occurred before having to file a petition, also affecting the assessment of Mr. Platt and the Platt for Judge Campaign Committee as to whether to seek election to a judicial office in any election are the fundraising limitation periods of Rules 4.4(F) & 4.4(G) of the Ohio Code of Judicial Conduct.

74.    Because Rules 4.4(F) & 4.4(G) of the Ohio Code of Judicial Conduct impose a time limitation in which campaign funds may be solicited or received even after a person is no longer seeking election to a judicial office (either because the judicial candidate lost the election, withdrew or died), Mr. Platt and the Platt for Judge Campaign Committee are further constrained in their ability to fully engage in advocacy in support of any campaign effort.  For even if Mr. Platt should eventually loan the Platt for Judge Campaign Committee funds pursuant to Rule 4.4 (H) of the Ohio Rules of Judicial Conduct or otherwise incur debts during the 30-day window between when fundraising can commence and the petition must be filed, the calculation of whether to loan money, to incur debt and, ultimately, whether to file a petition is impacted by the knowledge that, even if he should not be elected a judge (for whatever reason), the ability to raise money to pay off any loan or debt has the 120-day time constraint imposed by Rules 4.4(F) & 4.4(G) of the Ohio Code of Judicial Conduct.

75.    The fundraising limitation period of Rule 4.4(E) of the Ohio Code of Judicial Conduct specifically restrict the content of permissible speech by Mr. Platt and the Platt for Judge Campaign Committee.  While outside the time periods provided for therein, *i.e.*, greater than 120 days before the primary election, Mr. Platt and the Platt for Judge Campaign Committee can generally discuss his interest in seeking a judicial office, they are expressly prohibited soliciting any campaign contributions.

76.    Similarly, the fundraising limitation period of Rules 4.4(F) & 4.4(G) of the Ohio Code of Judicial Conduct specifically restrict the content of permissible speech by Mr. Platt and the Platt for Judge Campaign Committee in the event Mr. Platt is not elected as a judge and the prohibitions therein directly impact the ability of the Platt for Judge Campaign Committee to raise funds (once finally allowed to) through a personal loan from Mr. Platt or by incurring campaign debt.

77.    Furthermore, the fundraising limitation period of Rule 4.4(E) of the Ohio Code of Judicial Conduct specifically restrict the ability of the Platt for Judge Campaign Committee to engage in other forms of speech in support of Mr. Platt's effort, including paying for advertisements or attendance at political events.

78.    In contrast, any sitting member of the judiciary in the State of Ohio whose campaign committee, following the last campaign, had funds remaining are permitted to expend those funds, *i.e.*, the war chest, at any time in support of the political efforts of such judge, including paying for advertisements or attendance at political events.

79.    As noted above, at the present time (as well as in the future), Mr. Platt and the Platt for Judge Campaign Committee desire to solicit for campaign contributions, as well as to receive such campaign contributions, in support of Mr. Platt's effort.

80.    As part of his efforts, Mr. Platt desires to personally solicit potential donors for campaign contributions, either through one-on-one engagements, going door-to-door or by making personal telephone calls.

81.    Even though he is not currently sitting as a member of the judiciary in the State of Ohio, Rule 4.4(A) of the Ohio Code of Judicial Conduct prohibits Mr. Platt for making such personal solicitations of campaign contributions.

82. The solicitation provision of Rule 4.4(A) of the Ohio Code of Judicial Conduct specifically restricts the content of permissible speech by Mr. Platt. While Mr. Platt may personally solicit for an endorsement or other non-financial support, as well as generally discuss his campaign efforts, he is expressly prohibited from personally soliciting for campaign contributions.

83. Regardless of whether someone contributed or did not contribute to his efforts even after a personal, one-on-one solicitation, Mr. Platt, if he should ultimately run and be elected as a judge, would always abide by and adhere to the oath of office he would take upon assuming office.

84. Specifically, if he should ultimately run and be elected as a judge, Mr. Platt would "administer justice without respect to persons" and would "faithfully and impartially []discharge and perform all the duties incumbent on him as [a] judge" and he would do so without regard as to someone contributed or did not contribute to his efforts even after a personal, one-on-one solicitation.

85. Regardless of whether someone contributed or did not contribute to his efforts even after a personal, one-on-one solicitation, Mr. Platt, if he should ultimately run and be elected as a judge, would always abide by and adhere to the requirements of the Ohio Code of Judicial Conduct to "perform all duties of judicial office fairly and impartially" and to "perform the duties of judicial office . . . without bias or prejudice."

86. Besides being an attorney, Mr. Platt is also involved in community affairs, including his local school district.

87. In the forthcoming election to be held in November 2013, Mr. Platt desires to engage in public speaking and endorsement of specific candidates running for his local board of

education. At the time of engaging in such activity, Mr. Platt will not be a sitting as a member of the judiciary in the State of Ohio.

88. Additionally, in the primary and general election to be held in 2014, Mr. Platt desires to engage in public speaking and endorsement of candidates running for public office. At the time of engaging in such activity, Mr. Platt will not be a sitting as a member of the judiciary in the State of Ohio.

89. However, because Mr. Platt is a "judicial candidate", Rules 4.1(A)(2) and 4.1(A)(3) of the Ohio Code of Judicial Conduct prohibit him from publicly speaking regarding or endorsing any candidate for public office, even though Mr. Platt is not a sitting member of the judiciary in the State of Ohio.

90. The public speech and endorsement provisions of Rule 4.1(A)(2) and 4.1(A)(3) of the Ohio Code of Judicial Conduct specifically restrict the content of permissible speech by Mr. Platt by prohibiting him from making any speech in support or opposition to any candidate for public office or form public endorsing any such candidate.

91. Regardless of whether Mr. Platt publicly speaks in favor of or opposition to a candidate for public office or endorsed any such candidate, Mr. Platt, if he should ultimately run and be elected as a judge, would always abide by and adhere to the oath of office he would take upon assuming office.

92. Specifically, if he should ultimately run and be elected as a judge, Mr. Platt would "administer justice without respect to persons" and would "faithfully and impartially []discharge and perform all the duties incumbent on him as [a] judge" and he would do so without consideration as to any prior political activities he may have had with respect to any individual,

including publicly speaking in favor of or opposition to such individual's candidacy for public office or whether he endorsed such individual's candidacy.

93.   Regardless of his prior political dealings with someone, Mr. Platt, if he should ultimately run and be elected as a judge, would always abide by and adhere to the requirements of the Ohio Code of Judicial Conduct to "perform all duties of judicial office fairly and impartially" and to "perform the duties of judicial office . . . without bias or prejudice."

**Count I**
**(42 U.S.C. § 1983 -- Fundraising Limitation Periods)**

94.   Plaintiffs incorporate by reference all of the foregoing paragraphs as if fully restated herein.

95.   The fundraising limitation periods of Rules 4.4(E), 4.4(F) and 4.4(G) of the Ohio Code of Judicial Conduct violate the rights secured to the Plaintiffs (as well as the campaign committees of other judicial candidates who are not presently sitting as members of the judiciary in the State of Ohio) by the First and Fourteenth Amendments to the United States Constitution including the right to free expression, the right of association, the right to due process of law, and the right to equal protection of the law.

96.   In order to prevent further violations of Plaintiffs' constitutional rights by Defendants, as well as the rights of other judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio or the campaign committees of such judicial candidates and their supporters, it is appropriate and proper that a declaratory judgment be issued, pursuant to 28 U.S.C. § 2201 and FED. R. CIV. P. 57, declaring unconstitutional the Rules 4.4(E), 4.4(F) and 4.4(G) of the Ohio Code of Judicial Conduct to the extent such Rules are or may be applied to judicial candidates in the State of Ohio who are not

presently sitting as a member of the judiciary in the State of Ohio or the campaign committees of such judicial candidates.

97. Furthermore, pursuant to 28 U.S.C. § 2202 and FED. R. CIV. P. 65, it is appropriate, and hereby requested, that this Court issue preliminary and permanent injunctions enjoining the Defendants from enforcing Rules 4.4(E), 4.4(F) and 4.4(G) of the Ohio Code of Judicial Conduct to the extent such Rules are or may be applied to judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio or the campaign committees of such judicial candidates.

## Count II
### (42 U.S.C. § 1983 – Personal Solicitation Prohibition)

98. Plaintiffs incorporate by reference all of the foregoing paragraphs as if fully restated herein.

99. The personal solicitation prohibition of 4.4(A) of the Ohio Code of Judicial Conduct violates the rights secured to the Plaintiffs (as well as the campaign committees of other judicial candidates who are not presently sitting as members of the judiciary in the State of Ohio) by the First and Fourteenth Amendments to the United States Constitution including the right to free expression, the right of association, the right to due process of law, and the right to equal protection of the law

100. In order to prevent further violations of Plaintiffs' constitutional rights by Defendants, as well as the rights of other judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio or the campaign committees of such judicial candidates and their supporters, it is appropriate and proper that a declaratory judgment be issued, pursuant to 28 U.S.C. § 2201 and FED. R. CIV. P. 57, declaring unconstitutional the Rule 4.4(A) of the Ohio Code of Judicial Conduct to the extent such Rule is

or may be applied to judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio or the campaign committees of such judicial candidates.

101. Furthermore, pursuant to 28 U.S.C. § 2202 and FED. R. CIV. P. 65, it is appropriate, and hereby requested, that this Court issue preliminary and permanent injunctions enjoining the Defendants from enforcing Rule 4.4(A) of the Ohio Code of Judicial Conduct to the extent such Rule is or may be applied to judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio or the campaign committees of such judicial candidates.

## Count III
### (42 U.S.C. § 1983 – Public Speech and Endorsement Prohibition)

102. Plaintiffs incorporate by reference all of the foregoing paragraphs as if fully restated herein.

103. The public speech and endorsement prohibition of Rule 4.1(A)(2) & 4.1(A)(3) of the Ohio Code of Judicial Conduct violates the rights secured to the Plaintiffs (as well as the campaign committees of other judicial candidates who are not presently sitting as members of the judiciary in the State of Ohio) by the First and Fourteenth Amendments to the United States Constitution including the right to free expression, the right of association, the right to due process of law, and the right to equal protection of the law

104. In order to prevent further violations of Plaintiffs' constitutional rights by Defendants, as well as the rights of other judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio or the campaign committees of such judicial candidates and their supporters, it is appropriate and proper that a declaratory judgment be issued, pursuant to 28 U.S.C. § 2201 and FED. R. CIV. P. 57, declaring

unconstitutional the Rule 4.1(A)(2) & 4.1(A)(3) of the Ohio Code of Judicial Conduct to the extent such Rule is or may be applied to judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio or the campaign committees of such judicial candidates.

105. Furthermore, pursuant to 28 U.S.C. § 2202 and FED. R. CIV. P. 65, it is appropriate, and hereby requested, that this Court issue preliminary and permanent injunctions enjoining the Defendants from enforcing Rule 4.1(A)(2) & 4.1(A)(3) of the Ohio Code of Judicial Conduct to the extent such Rule is or may be applied to judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio or the campaign committees of such judicial candidates.

**WHEREFORE**, Plaintiffs request that this Court:

A. issue a declaratory judgment that the provisions of the Ohio Code of Judicial Conduct at issue herein violate the constitutional rights of Plaintiffs, as well as *judicial candidates in the State of Ohio who are not presently sitting as members of the judiciary in the State of Ohio or the campaign committees of such judicial candidates* and their supporters;

B. issue a preliminary and permanent injunction against the Defendants and all those acting in concert prohibiting any enforcement of the provisions of the Ohio Code of Judicial Conduct at issue herein against *judicial candidates in the State of Ohio who are not presently sitting as members of the judiciary in the State of Ohio or the campaign committees of such judicial candidates*;

C. issue a preliminary including against the Defendants and all those acting in concert prohibiting application of the provisions of the Ohio Code of Judicial Conduct at issue herein

against Plaintiffs and any judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio for conduct taken while such preliminary injunction is in effect;

       D.  award to Plaintiffs reasonable costs, expenses and attorney fees, pursuant to 42 U.S.C. 1988 or as otherwise authorized by law;

       E.  award such other and further relief as this court shall deem just and reasonable.

                     Respectfully submitted,

                     /s/ Curt C. Hartman               
                   Curt C. Hartman (0064242)
                   THE LAW FIRM OF CURT C. HARTMAN
                   3749 Fox Point Court
                   Amelia, Ohio 45102
                   Telephone:  (513) 752-8800
                   hartmanlawfirm@fuse.net

                   Christopher P. Finney (0038998)
                   FINNEY, STAGNARO, SABA & PATTERSON CO., LPA
                   2323 Erie Avenue
                   Cincinnati, OH   45208
                   (513) 533-2980
                   *cpf@fssp-law.com*

                   *Attorneys for Plaintiffs*

## VERIFICATION

Pursuant to 28 U.S.C 1746, I, Joseph Platt, declare the following:

1.   I have personal knowledge of the factual allegations within the foregoing Complaint.

2.   The allegations contained therein are true and accurate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of June 2013.