**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Joseph J. Platt, *et al.*,                     Case No. 1:13cv435

    Plaintiffs,                               Judge Michael R. Barrett

       v.

Board of Commissioners
on Grievances and
Discipline of the Ohio
Supreme Court, *et al.*,

    Defendants.

## OPINION & ORDER

This matter is before the Court upon Plaintiffs' Motion for Partial Summary Judgment (Doc. 50) and Defendants' Cross Motion for Partial Summary Judgment (Doc. 56). These motions have been fully briefed. (Docs. 55, 60, 62, 68). Also before the Court is Plaintiffs' Motion to Take Judicial Notice. (Doc. 52). Defendants have filed a Response in Opposition (Doc. 57) and Plaintiffs have filed a Reply (Doc. 61).

### I.    BACKGROUND

Plaintiffs challenge provisions of the Ohio Code of Judicial Conduct which prohibits judicial candidates from making public political party speeches and endorsements of another candidate, Ohio Code J. Cond. 4.1(A)(2)–(3); and places restrictions on direct, personal monetary solicitation of campaign contributions by judicial candidates, Ohio Code J. Cond. 4.4(A). Plaintiffs have brought several constitutional claims, but at issue here is Plaintiffs' claim that these provisions are unconstitutionally vague and violate the First Amendment.

## II. ANALYSIS

### A. Judicial Notice

Plaintiffs seek to have this Court take judicial notice of three internet publications concerning endorsements made by sitting members of the Ohio Supreme Court which were found to not be a violation of the Ohio Code of Judicial Conduct. Two of these publications were gathered from newspaper websites. The third publication is an opinion piece from a website entitled ohiodailyblog.com.

Under Federal Rule of Evidence 201(b), a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. "[A] court may take judicial notice of at least some documents of public record." *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005). However, judicial notice is limited to the existence of the documents, and a court is not to consider the statements contained in the document for the truth of the matter asserted. *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 467 (6th Cir. 2014); *see also Passa*, 123 Fed.Appx. 694, 697 ("in general a court may only take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned").

Plaintiffs specifically ask this Court to consider the statements in the internet publications concerning "the disposition of these grievances" to support their position that "one must guess at the scope of what is permitted and prohibited under Rule 4.1(A)(3)." (Doc. 52, PAGEID #1282). This Court cannot consider such statements under Rule 201(b). Therefore, Plaintiffs' Motion to Take Judicial Notice is DENIED.

**B. <u>Summary Judgment</u>**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). These standards upon which the court evaluates motions for summary judgment do not change simply because the parties present cross-motions. *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991).

The parties seek summary judgment on Plaintiffs' claim that Rule 4.1(A)(2), Rule 4.1(A)(3) and Rule 4.4(A) of the Ohio Code of Judicial Conduct are unconstitutionally vague. This Court has already determined that Rule 4.4(A) is not unconstitutionally vague in a similar case brought by incumbent judicial candidates. In granting a motion for judgment on the pleadings in favor of the defendants, this Court explained:

> At issue here is the following portion of Rule 4.4(A): "A judicial candidate shall not personally solicit campaign contributions, except as expressly authorized in this division . . . ." Ohio Jud. Cond. R. 4.4(A). The Committee and O'Toole argue that the rule is vague because they are unsure if two situations violate the rule; thus the rule has caused them to "'steer far wider of the unlawful zone' than if the boundaries of the forbidden areas were clearly marked." *Baggett v. Bullitt*, 377 U.S. 360, 372 (1964) (internal citation omitted) (quoting *Speiser v. Randall*, 357 U.S. 513, 526 (1958)). Plaintiffs challenge fails for two reasons: (1) the plain language of the rule puts Plaintiffs on notice of prohibited behavior; (2) the enforcement process has procedures to protect against arbitrary enforcement.

3

*Colleen M. O'Toole, et al. v. Maureen O'Connor, et al.*, Case No. 2:15-cv-01446-JLG-EPD, Doc. 41, PAGEID # 1338 (hereinafter "Doc. 41").

In reaching this conclusion, this Court rejected the plaintiffs' argument that the answers to the interrogatories submitted in the present case supported the plaintiffs' claim that Rule 4.4(A) is vague. (Doc. 41, PAGEID #1337). This Court then turned to its analysis of the language of the rules and two hypotheticals posed by the plaintiffs.

This Court explained: "A statute can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." (Doc. 41, PAGEID #1337) (quoting *Hill v. Colorado*, 530 U.S. 703, 732 (2000)). This Court explained that the two words at issue were "personally" and "solicit."

> "Personally" means, "so as to be personal: in a personal manner; often: as oneself: on or for one's own part." Webster's Third New International Dictionary, Unabridged (2016). "Solicit" means, "to make petition to . . . especially: to approach with a request or plea (as in selling or begging)." *Id*. Especially in combination with the provision of a campaign committee that may directly solicit contributions, this prohibition is not difficult to understand: the judicial candidate cannot hold out her hand and ask people for money—her committee can. *See Williams-Yulee*, 135 S. Ct. at 1667. Ohio courts have interpreted Rule 4.4(A) consistently with this plain sense meaning. *See, e.g.*, *Disciplinary Counsel v. O'Neill*, 2004-Ohio-4704, 103 Ohio St. 3d 204, 815 N.E.2d 286, ¶ 42 (holding that judicial candidate's statement that two law firms "needed to step up to the plate and contribute to her campaign" was personal solicitation).

(Doc. 41, PAGEID #1338).

With regard to the hypotheticals posed by the plaintiffs in the amended complaint, this Court explained that a rule is not unconstitutionally vague because a plaintiff presents a tough hypothetical. (Doc. 41, PAGEID #1338) (citing *Grayned v. City of Rockford*, 408

U.S. 104, 112, n.15 (1972)). After analyzing the hypotheticals under the language of Rule 4.4(A), this Court explained:

> even if Plaintiffs could contrive some law-school-final-exam hypotheticals that would make a first-year law student tremble in their boots, that might not be enough to state a vagueness challenge. Here, the Court can answer Plaintiffs' hypotheticals, and since the law is not vague in the two situations Plaintiffs plead, it is not void for vagueness.

(Doc. 41, PAGEID #1340).

After determining that the plain language of the rule put the plaintiffs on notice of prohibited behavior, this Court then noted that Ohio has a fair enforcement process with procedures to protect against arbitrary enforcement. (Doc. 41, PAGEID #1340). This Court explained that Ohio has an administrative process in place to "flesh out details" of the rules by way of advisory opinions. (Doc. 41, PAGEID #1340) (quoting *Bauer v. Shepard*, 620 F.3d 704, 716 (7th Cir. 2010)). Based on this analysis, this Court dismissed the plaintiffs' void-for-vagueness claim.

The Court sees no distinction between the claims brought by the incumbent judicial candidates in *Colleen M. O'Toole, et al. v. Maureen O'Connor, et al.* and the claim based on Rule 4.4(A) brought by the potential judicial candidate in this case.[1] Accordingly, Plaintiffs are not entitled to summary judgment on their challenge to the personal-solicitation prohibition in Rule 4.4(A), and Defendants are entitled to judgment in their favor.

This Court finds that the analysis applied to Rule 4.4(A) in *Colleen M. O'Toole, et al. v. Maureen O'Connor, et al.* applies to Rules 4.1(A)(2) and (3) with the same result.

---

[1] The Court notes that the plaintiffs in *Colleen M. O'Toole, et al. v. Maureen O'Connor, et al.* filed a motion for reconsideration of this Court's order granting the motion for judgment on the pleadings. (Case No. 2:15-cv-01446-JLG-EPD, Doc. 43). However, the plaintiffs did not raise an argument with regards to the dismissal of their void-for-vagueness claim.

Like the language in Rule 4.4(A), the language in Rules 4.1(A)(2) and (3) is not difficult to understand. Rule 4.1(A)(2) prohibits a judge or judicial candidate from "mak[ing] speeches on behalf of a political party or another candidate for public office." Rule 4.1(A)(3) prohibits "[p]ublicly endors[ing] or oppos[ing] a candidate for another public office." This Court concludes that this language "provide[s] a person of ordinary intelligence fair notice of what is prohibited." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 20, 130 S. Ct. 2705, 2720, 177 L. Ed. 2d 355 (2010) (quoting *United States v. Williams*, 553 U.S. 285, 304, 128 S.Ct. 1830, 170 L.Ed.2d 650)); *see, e.g. Chambers v. Stengel*, 256 F.3d 397, 401 (6th Cir. 2001) (rejecting a void-for-vagueness claim based on the term "solicit" because it is a common term, and individuals of common intelligence do not have to guess at its meaning). In addition, the advisory opinions issued by the Ohio Board of Commissioners on Grievances and Discipline provide guidance and narrow the language found in the Ohio Code of Judicial Conduct. *See, e.g.*, *Harper v. Office of Disciplinary Counsel, Supreme Court of Ohio*, 113 F.3d 1234 (6th Cir. 1997) (per curiam) ("Considering that Canons 2A and 7B(1)(a) had been narrowed by Ohio case law and an interpretive opinion, [the plaintiff] had a reasonable opportunity to know that false and misleading criticism was prohibited and to act accordingly.").[2] Accordingly, Plaintiffs are not entitled to summary judgment on their vagueness challenge to Rules 4.1(A)(2) and (3), and Defendants are entitled to judgment in their favor.

### III.  **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that:

---

[2] The Board is now known as the Board of Professional Conduct, and has the authority to "issue nonbinding advisory opinions in response to prospective or hypothetical questions directed to the Board" regarding the application of the Code of Judicial Conduct. Gov.Bar R. V, Section 2 (available at http://www.supremecourt.ohio.gov/Boards/BOC/default.aspx).

1. Plaintiffs' Motion to Take Judicial Notice (Doc. 52) is DENIED;

2. Plaintiffs' Motion for Partial Summary Judgment (Doc. 50) is DENIED; and

3. Defendants' Cross Motion for Partial Summary Judgment (Doc. 56) is GRANTED.

    **IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                      Michael R. Barrett
                                      United States District Judge