**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Joseph J. Platt, *et al.*,                                          Case No. 1:13cv435

    Plaintiffs,                                                    Judge Michael R. Barrett

        v.

Board of Commissioners
on Grievances and
Discipline of the Ohio
Supreme Court, *et al.*,

    Defendants.

## **OPINION & ORDER**

This matter is before the Court upon Defendants Maureen O'Connor, Richard Dove and Scott Drexel's Motion for Summary Judgment. (Doc. 74). Plaintiffs have filed a Response in Opposition (Doc. 76) and Defendants filed a Reply (Doc. 85).

**I.    BACKGROUND**

Plaintiffs challenge the constitutionality of provisions of the Ohio Code of Judicial Conduct which prohibits judicial candidates from making public political party speeches and endorsements of another candidate, Ohio Code of Judicial Conduct 4.1(A)(2)–(3); places restrictions on direct, personal monetary solicitation of campaign contributions by judicial candidates, Ohio Code of Judicial Conduct 4.4(A); and limits the window within which donations can be made to a judicial campaign, Ohio Code of Judicial Conduct 4.4(E)-(G). Plaintiffs claim these provisions violate the First and Fourteenth Amendment rights of non-incumbent judicial candidates and their campaign committees.[1] Plaintiffs

---

[1] This Court has already granted a partial summary judgment motion in favor of Defendants and dismissed Plaintiffs' vagueness challenge to Rules 4.1(A)(2) and (3). (Doc. 86).

are Joseph Platt, who wishes to run for judicial office, Platt for Judge Campaign Committee, which is Platt's judicial campaign committee, and Mark Miller, who is treasurer for the Committee.

Counsel for Plaintiffs brought a similar challenge on behalf of incumbent judicial candidates to two of the same provisions of the Ohio Code of Judicial Conduct. *O'Toole v. O'Connor*, No. 2:15-CV-1446 (S.D. Ohio) (Graham, J.). Both sets of plaintiffs moved for injunctive relief, which this Court denied in both instances. On appeal, the Sixth Circuit affirmed the decisions in both cases. *Platt v. Bd. of Comm'rs on Grievances & Discipline of Ohio Supreme Court*, 769 F.3d 447 (6th Cir. 2014); *O'Toole v. O'Connor*, 802 F.3d 783 (6th Cir. 2015).

II.  **ANALYSIS**

   A. **Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

   B. **Standing**

As part of the appeal in this case, the Sixth Circuit observed:

> On August 8, 2014, we heard oral arguments. Until then, all involved assumed that Platt fell within Ohio's Judicial Code because Rule 4.6(F)

2

> defines "judicial candidate" as "a person who has . . . declared or filed as a candidate for judicial office with the election authority," and Platt had filed his initial form. *See* Appellant Br. 4; Appellees' Br. 11–12. But during the argument, Platt admitted that he failed to file the required petitions to appear on the ballot in 2014. He also apparently missed the deadline to declare his intent to run as a write-in candidate—his last chance for eligibility in 2014—which expired seventy-two days before the general election (August 25, 2014). *See* OHIO REV. CODE § 3513.041. So despite Platt's still-existing Campaign Committee and his alleged desire to run for judicial office in the future, Platt will not in fact be a candidate in the 2014 election.

*Platt v. Bd. of Comm'rs on Grievances & Discipline of Ohio Supreme Court*, 769 F.3d 447, 451 (6th Cir. 2014). There have been no changes in this status since 2014. To date, Platt has not filed the petitions necessary to appear on a ballot, and missed the 2016 election cycle. Platt's Campaign Committee still exists, but it is not clear for what purpose, since it reported no contributions or expenditures in 2015. (See Doc. 76-1).

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,'" and "[t]he doctrine of standing gives meaning to these constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.'" *Susan B. Anthony List v. Driehaus*, 134 S.Ct. 2334, 2341, 189 L.Ed.2d 246 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). On appeal in this case, the Sixth Circuit provided the proper framework to analyze the Article III standing requirement:

> The standing requirement ensures that the plaintiff has a personalized injury that the court can directly redress. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). And the ripeness requirement prevents courts from hearing premature or abstract disagreements. *See Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–49, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); *Carey*, 614 F.3d at 196–97. These doctrines "originate from the same Article III limitation" and may be analyzed together as part of "standing." *E.g.*, *Susan B. Anthony List v. Driehaus*, —— U.S. ——, 134 S.Ct. 2334, 2341 n. 5, 189 L.Ed.2d 246 (2014); *Kiser v. Reitz*, 765 F.3d 601, 606–07 (6th Cir. 2014).

769 F.3d 447 at 451.

At the preliminary injunction stage, the Sixth Circuit determined that Plaintiffs' claims met the ripeness requirement because, as a pre-enforcement review case under the First Amendment, "courts do not closely scrutinize the plaintiff's complaint for standing," and Plaintiffs had alleged a sufficient injury in fact. *Id.* The Sixth Circuit explained that Platt had expressed a desire to engage in political speech; he had a credible fear that the Board may enforce the Code against him; and his Campaign Committee remains in place, so that he could begin campaigning for another election. *Id.* at 452. The Sixth Circuit also determined that Platt's claims were not moot because his claims were "capable of repetition, yet evading review." *Id.* (citing *Sosna v. Iowa*, 419 U.S. 393, 399-400, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975)). The Sixth Circuit explained that Platt plans to run for judicial office again and his claims evade review because of the short-term nature of each election. *Id.* at 453.

However, "'in response to a summary judgment motion,'" a plaintiff cannot rely on 'mere allegations' with respect to each standing element, 'but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true.'" *McKay v. Federspiel*, 823 F.3d 862, 867 (6th Cir. 2016), *cert. denied*, No. 16-878, 2017 WL 120930 (Mar. 6, 2017) (quoting *Lujan*, 504 U.S. at 561). The mootness inquiry must be made at every stage of the litigation. *Coalition for Gov't Procurement v. Fed. Prison Indus.*, 365 F.3d 435, 458 (6th Cir. 2004). A plaintiff invoking jurisdiction must "show[ ] that he has standing for each type of relief sought." *McKay*, 823 F.3d at 867 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009)).

4

"[A] case will not be considered moot if the challenged activity is capable of repetition, yet evading review." *Lawrence v. Blackwell*, 430 F.3d 368, 371 (6th Cir. 2005). The exception applies where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Fed. Election Comm'n v. Wisconsin Right To Life, Inc.*, 551 U.S. 449, 462, 127 S. Ct. 2652, 2662, 168 L. Ed. 2d 329 (2007) (citing *Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)). The "'capable of repetition, yet evading review' doctrine, in the context of election cases, is appropriate when there are 'as applied' challenges as well as in the more typical case involving only facial attacks." *Id.* at 463 (quoting *Storer v. Brown*, 415 U.S. 724, 737, n. 8, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974)).

As to the first prong, "[c]hallenges to election laws are one of the quintessential categories of cases which usually fit this prong because litigation has only a few months before the remedy sought is rendered impossible by the occurrence of the relevant election." *Lawrence*, 430 F.3d at 371 (citing *Morse v. Republican Party of Va.*, 517 U.S. 186, 235, 116 S.Ct. 1186, 134 L.Ed.2d 347 (1996)). Therefore, Plaintiffs' challenges meet this prong.

The second prong requires a "'reasonable expectation'" or a "'demonstrated probability'" that "the same controversy will recur involving the same complaining party." 551 U.S. at 449 (quoting *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982)). The same controversy is sufficiently likely to recur when a party has a reasonable expectation that it "will again be subjected to the alleged illegality," or "will be subject to the threat of prosecution" under the challenged law. *Id.* (citations omitted).

5

The Court has serious doubts as to whether there is a demonstrated probability that Platt will run for election. The only evidence of a potential campaign is an inactive campaign committee. This case is missing the circumstances present in other cases which lend credibility to the expectation that the same controversy involving the same party will recur. Platt did not seek another preliminary injunction for the 2016 election, nor did he make any public statements expressing an intent to run for election. *See*, *e.g.*, *Fed. Election Comm'n v. Wisconsin Right To Life, Inc.*, 551 U.S. at 449 (finding a "demonstrated probability" that the controversy was capable of repetition in the next election cycle because the plaintiff had filed a similar legal challenge to the same campaign finance regulations in the previous election cycle); *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 736, 128 S. Ct. 2759, 2770, 171 L. Ed. 2d 737 (2008) (concluding that the plaintiff's challenge to campaign finance regulations was not moot because the plaintiff had publicly announced his intent to run again for Congress in the next election)). To be clear, Platt has not run for election and the provisions of the Ohio Code of Judicial Conduct have never been enforced against him, or anyone else for that matter. (See Doc. 85, PAGEID #2152). However, the Court must consider the "somewhat relaxed" repetition standard employed in election cases. *Lawrence*, 430 F.3d at 372. The Court must also consider that the concern in "capable of repetition, yet evading review" cases is "whether the controversy was *capable* of repetition and not . . . whether the claimant had demonstrated that a reoccurrence of the dispute was more probable than not." *Honig v. Doe*, 484 U.S. 305, 318 n.6, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988) (emphasis in original). Therefore, this Court is constrained to find that Plaintiffs' challenge is not moot.

Similarly, as the Sixth Circuit explained on appeal in this matter, "in a

6

pre-enforcement review case under the First Amendment (like this one), courts do not closely scrutinize the plaintiff's complaint for standing when the plaintiff 'claims an interest in engaging in protected speech that implicates, if not violates, each [provision of the law at issue].'" 769 F.3d at 451 (quoting *Carey v. Wolnitzek*, 614 F.3d 189, 196 (6th Cir. 2010)). In the pre-enforcement context, "a plaintiff satisfies the injury-in-fact requirement where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'" *Susan B. Anthony List*, 134 S. Ct. at 2342 (quoting *Babbitt v. Farm Workers*, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979)).

The Sixth Circuit has found a credible threat of prosecution where "plaintiffs allege a subjective chill and point to some combination of the following factors: (1) a history of past enforcement against the plaintiffs or others; (2) enforcement warning letters sent to the plaintiffs regarding their specific conduct; and/or (3) an attribute of the challenged statute that makes enforcement easier or more likely, such as a provision allowing any member of the public to initiate an enforcement action." *McKay*, 823 F.3d at 869 (citations omitted). Plaintiffs have not presented any evidence on this point at the summary judgment stage. What remains is the Sixth Circuit's finding in this case that based on the following considerations, Platt has standing:

> First, as in *Susan B. Anthony List*, any person—not just a prosecutor or state agency—may initiate enforcement of the Code. *See* Filing a Grievance, The Supreme Court of Ohio & The Ohio Judicial System, http://www.supremecourt.ohio.gov/DisciplinarySys/odc/complaint.asp (last visited Oct. 7, 2014). This feature of the Code "bolster[s]" the credibility of enforcement. *Susan B. Anthony List*, 134 S.Ct. at 2345. And second, when directly asked at oral argument, the State refused to disavow the enforcement of the Code as applied to Platt, further adding credibility to Platt's alleged fear. *See id.*; *see also* Appellees' Br. 11–12.

7

769 F.3d at 452. Because these two considerations remain in place today, the Court must find that Plaintiffs have standing to bring their claims.[2]

### C. First Amendment

This Court does not need to look far for guidance on the applicable analysis.

In denying Plaintiffs' request for injunctive relief, this Court applied the strict scrutiny analysis set forth and applied to similar provisions in *Carey v. Wolnitzek*, 614 F.3d 189 (6th Cir. 2010) (reviewing facial challenge to three clauses in the Kentucky Supreme Court's Code of Judicial Conduct). On appeal of this case, the Sixth Circuit summarily explained:

> Independently applying the First and Fourteenth Amendments, we are not persuaded that the district court erred in its success-on-the-merits determination. Ohio has compelling state interests, *Carey*, 614 F.3d at 194, 201; it narrowed its Code to comport with *Carey*; and the majority of federal courts have held the same or similar provisions constitutional. *E.g., Ohio Council 8 Am. Fed'n of State, Cnty., & Mun. Employees, AFL–CIO v. Brunner*, 912 F.Supp.2d 556, 569 (S.D.Ohio 2012); *compare, e.g., Wersal v. Sexton*, 674 F.3d 1010, 1024 (8th Cir. 2012) (en banc) (upholding Minnesota's similar restrictions), and *Siefert v. Alexander*, 608 F.3d 974, 990 (7th Cir. 2010) (same for Wisconsin's Code), with *Weaver v. Bonner*, 309 F.3d 1312, 1320 (11th Cir. 2002) (holding unconstitutional a similar provision in the Georgia Code).

769 F.3d at 454-55. However, the Sixth Circuit explained: "Our opinion does not guarantee the State a win on the merits." *Id*. at 455. The Sixth Circuit recognized that:

> The ultimate issue—whether Ohio's narrower Code provisions satisfy the First Amendment principles discussed in *Carey*—remains an open question, one in which the Supreme Court may soon provide guidance. *See Florida Bar v. Williams–Yulee*, 138 So.3d 379 (Fla. 2014), *cert. granted*, —— U.S. ——, 135 S.Ct. 44, 189 L.Ed.2d 896, 2014 WL 2763710 (Oct. 2, 2014).

---

[2] Any person may still file a grievance. *See* http://www.supremecourt.ohio.gov/DisciplinarySys/odc/complaint.asp (last visited Mar. 29, 2017). While Platt has not presented any evidence that the State would enforce the Code as applied to him, the State's response at oral argument remains. The Court assumes this statement would be admissible as an admission by a party-opponent under Federal Rule of Evidence 801(d)(2).

*Id.*

However, when the companion case to this case, *O'Toole v. O'Connor*, reached the Sixth Circuit on appeal, the Supreme Court had issued its decision in *Florida Bar v. Williams–Yulee*. Following the Supreme Court's direction, the Sixth Circuit applied strict scrutiny in its analysis of Rule 4.4(E). 802 F.3d at 789 (citing *Williams–Yulee v. Fla. Bar*, 135 S.Ct. 1656, 1664, 191 L.Ed.2d 570 (2015)). The Sixth Circuit then upheld this Court's finding in *O'Toole* that the plaintiff failed to demonstrate a likelihood of success on the merits of her claims based on Rule 4.4(E). *Id.* at 783.

Plaintiffs attempt to distinguish this case from *O'Toole* by arguing that *O'Toole* is factually distinguishable because the claims were brought by a sitting judge as opposed to Platt, who is a non-incumbent judicial candidate. This Court has already concluded that for purposes of determining the constitutionality of these provisions of the Ohio Code of Judicial Conduct, there is no reason to distinguish between the claims brought by the incumbent judicial candidates in *O'Toole* and the claims brought by the potential judicial candidate in this case. (See Doc. 86, PAGEID #2188).

Plaintiffs also insist that their claim is an "as-applied" challenge, whereas *O'Toole* involved a facial challenge that Rule 4.4(E) was unconstitutionally overbroad. However, Plaintiffs saying their challenge is an "as-applied" challenge here or in the Complaint does not make it so.

Generally, "a finding that a law is facially constitutional under the First Amendment . . . does not foreclose subsequent as-applied challenges." *J.L. Spoons, Inc. v. Ohio Dep't of Pub. Safety*, 509 F. App'x 464, 471 (6th Cir. 2012). Plaintiffs repeatedly state

9

that Rule 4.4(E) is unconstitutional "as applied to Joseph Platt."[3] However, "[t]he label is not what matters." *John Doe No. 1 v. Reed*, 561 U.S. 186, 194, 130 S. Ct. 2811, 2817, 177 L. Ed. 2d 493 (2010). "The important point is that plaintiffs' claim and the relief that would follow . . . reach beyond the particular circumstances of these plaintiffs." *Id*. Plaintiff state that their claims are based on the application of Rule 4.4(E) to Platt "as well as to other judicial candidates." (Doc. 1, ¶ 42, PAGEID #17). Plaintiffs seek declaratory and injunctive relief on behalf of "Plaintiffs, as well as judicial candidates in the State of Ohio who are not presently sitting as members of the judiciary in the State of Ohio or the campaign committees of such judicial candidates and their supporters." (Doc. 1, ¶¶ 96-97, PAGEID #27-28). Therefore, Plaintiffs' claim is "facial" in that it is not limited to Plaintiffs' particular case, but instead challenges application of the law more broadly to all non-incumbent judicial candidates. *Accord John Doe No. 1*, 561 U.S. at 194. As such, this case is not distinguishable from *O'Toole.*

The Court concludes that it is unnecessary to re-visit the decisions of law made by this Court and affirmed by the Sixth Circuit. In analyzing the likelihood of success prong and denying Plaintiffs' Motion for Preliminary Injunction, this Court did not make any factual findings. Instead, this Court made purely legal rulings which are just as

---

[3]For example, in the Complaint, Plaintiffs allege:

> The fundraising limitation periods of Rules 4.4(E), 4.4(F) and 4.4(G) of the Ohio Code of Judicial Conduct, as applied to Joseph Platt (as well as to other judicial candidates who are not presently sitting as members of the judiciary in the State of Ohio), violate the First and Fourteenth Amendments to the United States Constitution, including the right to free expression, the right of association, the right to due process of law, and the right to equal protection of the law to the extent such Rules are or may be applied to judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio or the campaign committees of such judicial candidates.

(Doc. 1, ¶ 42, PAGEID #17).

applicable to this case now as they were when they were issued. These legal rulings were reviewed *de novo* by the Sixth Circuit. 769 F.3d at 454 ("We 'review the District Court's legal rulings de novo' (including its First Amendment conclusion), 'and its ultimate conclusion [as to whether to grant the preliminary injunction] for abuse of discretion.'"). Any open legal questions were closed by the Supreme Court's decision in *Williams–Yulee v. Fla. Bar*, and applied to Rule 4.4(E) by the Sixth Circuit in *O'Toole.* Therefore, based on the analysis by the Sixth Circuit in this case and in *O'Toole*, the Court concludes that Plaintiffs have not shown that these provisions of the Ohio Judicial Code are unconstitutional. Therefore, Defendants are entitled to summary judgment on Plaintiffs' First Amendment claim.

### D. Equal Protection

In *O'Toole*, the Sixth Circuit rejected both versions of Plaintiffs' Equal Protection claims. The court first explained: "Because the complained-of differential effect arises not from any lack of equality in the rule itself, but rather from how different candidates have acquired, used, and husbanded their resources in previous campaigns, we agree with the district court that Plaintiff failed to demonstrate a likelihood of success as to its first Equal Protection argument." 802 F.3d at 791 (footnote omitted). The court then explained that based on the Supreme Court's distinction between judicial and political campaigns, there was no infringement of fundamental rights. 802 F3d at 791. The same analysis is applicable here, with the same result. Accordingly, Defendants are entitled to summary judgment on Plaintiffs' Fourteenth Amendment Equal Protection claim.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1. Defendants Maureen O'Connor, Richard Dove and Scott Drexel's Motion for Summary Judgment (Doc. 74) is **GRANTED**;

2. This matter is **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                            *s/Michael R. Barrett*
                                            Michael R. Barrett
                                            United States District Judge